UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO LOPEZ, | No. C 08-01452 MHP |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

BACKGROUND

In 2005, petitioner Marco Antonio Lopez ("Lopez") was convicted and sentenced in Sonoma County, California, for felony murder, as well as robbery, burglary, theft of an automobile, and other enhancements. He is now incarcerated at the California State Prison in Susanville, California, in Lassen County. Lopez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C., section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C., section 2243, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner was sentenced and convicted in the Northern District of California. See 28 U.S.C. § 2241(d); Habeas Local Rule 2254–3(a)(1).

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996).

DISCUSSION

Petitioner Lopez was convicted and sentenced for the murder of Gordon Lee Fowler, whom he fatally stabbed in 2002 at Fowler's home in Sebastopol, California. Prior to the murder, petitioner was told by an acquaintance that it would be easy to rob Fowler of his wallet. Petitioner, who sometimes worked as a day laborer, later accepted Fowler's invitation to go to his home to do some work. Once at the house, Fowler made sexual advances on petitioner, who was 15 years old at the time. When Fowler refused to take petitioner to petitioner's home, petitioner picked up a kitchen knife and stabbed Fowler numerous times. Petitioner then took Fowler's wallet and drove away in Fowler's car. A jury found petitioner guilty of first-degree murder, with special circumstances, as well as separate counts of robbery, burglary, and taking of an automobile. The murder count upon which petitioner was convicted was based on a felony murder theory. A Court of Appeal affirmed the conviction and the California Supreme Court denied review.

Petitioner claims he was denied his constitutional rights to due process and a fair trial by the trial court's refusal to expressly instruct the jury that the felony-murder rule requires that the

underlying felonies (burglary and robbery) and homicide be part of "one continuous transaction." Petitioner contends that Fowler's sexual assault on him interrupted the requisite connection and that the "continuous transaction" instruction would have led the jury to find that the felony murder rule did not apply. The trial court characterized petitioner's proposed instruction as cumulative of other instructions and therefore declined to give it to the jury.

On habeas review, a trial court's instructional error is a cognizable ground for relief only if the error so infected the trial as to deprive petitioner of the fair trial guaranteed by the Fourteenth Amendment. Estelle v. McGuire, 502 U.S. 62, 72 (1991). Moreover, a challenged instruction may not be evaluated in isolation, but must be considered in the context of all other instructions and the trial as a whole. Id.

The Court of Appeals agreed with the trial court in finding that the "continuous transaction" instruction was unnecessary in light of other instructions that explained to the jury the required relationship between the burglary and robbery and Fowler's killing. However, petitioner relies once more on the California Supreme Court's ruling in People v. Sakarias, 22 Cal.4th 596, 624-625 (2000), to support his contention that the "continuous transaction" requirement is a distinct element of the offense which must be decided by the jury beyond a reasonable doubt. Thus, petitioner maintains that the specific instruction referring to the "one continuous transaction" requirement was needed for the proper adjudication of his case.

While a claim based on instructional error is generally cognizable, the merits of the instant claim are questionable on the facts alleged. Nonetheless, in the interest of obtaining complete briefing on the issues raised by petitioner, the court ORDERS respondent to SHOW CAUSE why the writ should not be granted based on violation of petitioner's due process rights.

CONCLUSION

(1) Pursuant to 28 U.S.C., section 2243, this court finds that petitioner's claims require an answer from the respondent. The court ORDERS respondent to SHOW CAUSE why the writ should not be granted.

     (2) The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of this Order upon petitioner and petitioner's attorneys.

     (3) Pursuant to Habeas Local Rule 2254-6(b), respondent shall file an answer with this court within **sixty (60) days** of the date of this order.  This answer shall show cause why a writ of habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases and Habeas Local Rule 2254-6(b).

     (4) Pursuant to Habeas Local Rule 2254-6(c), petitioner shall serve and file a traverse within **thirty (30) days** after respondent has filed the answer.

     (5) This matter shall be deemed submitted as of the date petitioner's traverse is due.  No hearing will be held unless the court so orders at a later date.

     IT IS SO ORDERED.

Dated: January 5, 2009

                                       MARILYN HALL PATEL
                                       United States District Court Judge
                                       Northern District of California

**United States District Court**
For the Northern District of California